**The document below is hereby signed.**

**Dated: May 18, 2012.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
                 UNITED STATES BANKRUPTCY COURT
                  FOR THE DISTRICT OF COLUMBIA


                                 )
  In re                          )
                                 )     Case No. 11-00888
  SHEGA INC.                     )     (Chapter 11)
                                 )
                Debtor.          )
  _____  )
                                 )
  SHEGA INC.,                    )
                                 )
                Plaintiff,       )
                                 )     Adversary Proceeding No.
             v.                  )     12-10009
                                 )
  AMERICAN TRUST, LLC, et al.,   )
                                 )
                Defendants.      )
```

MEMORANDUM DECISION RE PLAINTIFF'S
ASSERTION THAT A FORECLOSURE SALE WAS SET TOO
<u>SOON AFTER FILING OF NOTICE OF THE FORECLOSURE SALE</u>

In this adversary proceeding seeking injunctive relief, the plaintiff, Shega Inc., raises the argument, among others, that the scheduled foreclosure sale of its real property is invalid because Shega was not given adequate notice of the foreclosure sale.  Section 42-815 of the D.C. Code (2001) requires notice to

be given "at least 30 days in advance of the sale." On May 2, 2012, notice under D.C. Code § 42-815(c)(1)(A) (2001) of the foreclosure sale was filed with the Recorder of Deeds for the District of Columbia (as agent for the Mayor) and was sent to Shega scheduling the auction of the subject property for June 1, 2012.  Shega contends that this was insufficient notice to comply with the statute.

D.C. Code § 42-815(c)(1)(B)(1) (2001) states that the "notice required by subparagraph (A) of this paragraph shall be sent to the Mayor, at least 30 days in advance of the date of the sale."  On its face, this provision indicates that the 30-day notice must precede the sale, and thus the day of the sale must necessarily be excluded from the computation period. *See Dutcher v. Wright*, 94 U.S. 553, 561 (1876) (date of petition excluded in calculating the period of "four months before the filing of the petition").  In contrast,  D.C.Code § 42-815(c)(4) (2001) states that "[t]he 30-day period shall commence to run on the date of receipt of the notice by the Mayor." This language on its face evidences a clear intention to include the day of receipt in computing the 30-day notice.

In *Washington v. United States*, 965 A.2d 35 (D.C. 2009), the D.C. Court of Appeals answered a similar notice computation question concerning D.C. Code § 48-905.06 which requires government prosecutors to furnish copies of chemists' reports in

2

a controlled substances case to the defense "no later than 5 days prior to trial." The five-day notice period was further extended through Criminal Rule 45 which excludes intervening Saturdays, Sundays and legal holidays and adds three days for service by mail. *Id.* at 39. That resulted in notice being due 10 days before the trial began. Trial began on February 10, 2005, and thus the court concluded that to comply with § 48-905.06 the reports should have been sent no later than January 31, 2005, thus holding that either the day of receipt or the day of the given event did not count in the computation period, though the court was not clear as to which. *Id.* at 39. The *Washington* decision follows the premise that "it is generally held that in computing the time for performance of an act or event which must take place a certain number of days before a known future day, one of the terminal days is included in the count and the other is excluded." *United States v. Belton*, 580 A.2d 1289, 1292 (D.C. 1990) (citing 74 Am. Jur. 2D *Time* § 15, at 598 (1974)).

Therefore, in the instant case, it is appropriate to include the day of the Mayor's receipt of notice, as is required by D.C. Code § 42-815(c)(1)(4), and to exclude the day of the event from the computation period. This is no help to Shega's contention that notice was not timely. According to Shega, notice was filed on May 2, 2012, for the foreclosure sale scheduled on June 1, 2012. Including May 2, 2012, in the computation period, there

3

are 30 days (May 2-May 31) prior to the scheduled sale of June 1, 2012.  Accordingly, notice of the sale complied with D.C. Code § 42-815.  The court thus rejects Shega's argument in that regard.

[Signed and dated above.]

Copies to: All recepients of E-notification.

4